## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **Q. B. JOHNSON MANUFACTURING,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIV-08-397-R** |
| | ) | |
| **BSI INDUSTRIES, INC.,** | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is the motion of Defendant BSI Industries, Inc. to dismiss Plaintiff's

Amended Complaint pursuant to F.R.Civ.P. 12(b)(3) or to transfer this case to the United States

District Court for the Southern District of Ohio, Eastern Division pursuant to 28 U.S.C. § 1406(a).

Doc. No. 9.  Defendant's motion is predicated on a forum selection clause included in Attachment

"1" to one of two BSI purchase orders accepted by Plaintiff, purchase order numbers 0602-003 and

0602-033.  See Exhibit "A" to Affidavit of Michael Mereminsky attached to Defendant's motion.

That Attachment, "Terms and Conditions," provides at paragraph 13, captioned "Choice of Law-

Venue" as follows:

> This purchase order shall be governed by the laws of the State of
> Ohio and any action arising from or under it shall be brought in
> state or federal court in Ohio.

Citing Preferred Capital, Inc. v. Power Engineering Group, Inc., 112 Ohio St. 3d 429, 431, 860

N.E.2d 741, 744 (2007), Kennecorp Mortgage Brokers, Inc. v. Country Club Convalescent Hospital,

Inc., 66 Ohio St. 3d 173, 610 N.E.2d 987 (1993), Milk 'N' More, Inc. V. Beavert, 963 F.2d 1342

(10th Cir. 1992) and other cases, Defendant asserts that the forum selection clause is enforceable and

that this action must be dismissed or transferred to the Ohio federal district court, where Defendant

commenced an action against Plaintiff on March 24, 2008.  However,  as is evident from Plaintiff's

Amended Complaint [Doc. No. 4] and more evident from its Second Amended Complaint [Doc. No.

14] and its response in opposition to dismissal or transfer [Doc. No. 15], Plaintiff is not suing on or

for breach of the purchase orders and this action does not arise from or under them.  Rather, Plaintiff

is suing on or for breach of a subsequent agreement formed to settle the parties' disputes concerning

delivery of certain equipment under the purchase orders and payment due for equipment that had

been delivered pursuant to those orders, an agreement evidenced by e-mails, attached to Plaintiff's

Second Amended Complaint, which also covered new or additional goods and services.  See Exhibit

"A" to Second Amended Complaint.  See also Affidavit of L. Johnson Regarding Venue (Exhibit

"3" to Plaintiff's Response ) at ¶¶ 3 & 4.   That alleged agreement, which Plaintiff's allegations

indicate was partially executed, see Second Amended Complaint at ¶¶ 9 & ll;  Johnson Affidavit at

¶¶ 4 & 5, did not expressly or by  implication include the Terms and Conditions attached to purchase

order 0602-003 or a forum selection clause.  Because the settlement agreement on which Plaintiff

sues does not contain a forum selection clause, venue is proper in this district and the existence of

a forum selection clause as a term in one of the underlying or prior agreements of the parties does

not require dismissal or transfer of this action.  See Seko Worldwide, LLC v. Four Soft Ltd., 503

F.Supp.2d 1059, 1060 (N.D. Ill. 2007); Energy Solutions, LLC v. Conn. Yankee Atomic Power Co.,

2007 WL 1228608 (D. Utah April 26, 2007)(No. 2:06-CV-951 TS); Junction Solutions, LLC v.

MBS Dev, Inc., 2007 WL 114306 (N.D. Ill. Jan. 9, 2007)(No. 06C1632); Mobilificio San Giacomo,

S.p.A. v. Stoffi, 1998 WL 125534 (D. Del. Jan. 29, 1998).  The Court finds it unnecessary to reach

Plaintiff's other arguments.

        In accordance with the foregoing, Defendant's motion to dismiss or transfer this

action [Doc. No. 9] is **DENIED.**

**IT IS SO ORDERED this 8th day of May, 2008.**

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE